IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TROY MAGARRELL,

      Plaintiff,                      No. CIV S-04-2634 LKK DAD P

     vs.

P. MANGIS, M.D., et al.,         ORDER REQUIRING

      Defendants.            STATUS REPORT

_____/

        On February 2, 2006, plaintiff's counsel filed a declaration, stating that he would like to file an amended complaint. However, defendant Roche had filed an answer to plaintiff's pro se complaint on December 7, 2005. Accordingly, on August 14, 2006, the court granted plaintiff thirty days to file a motion for leave to amend, together with a proposed amended complaint, and informed plaintiff's counsel that he was required to notice the motion for hearing before the undersigned on a regularly scheduled law and motion calendar. More than one year lapsed. Plaintiff's counsel did not file a motion or otherwise respond to the court's order. On October 31, 2007, plaintiff's counsel filed a motion, requesting a scheduling order and informing the court that plaintiff will not amend his complaint.

/////

/////

1

Given the lengthy delays in this case, the court is unwilling to issue a scheduling order until both parties submit and serve by mail on all other parties a status report. The status report shall address:

1. The matter of the two unserved defendants, P. Mangis and Richard Sandham;

2. Whether this matter is ready for trial and, if not, why not;

3. Whether additional discovery is deemed necessary and, if so, the nature and scope of the discovery and the time needed in which to complete it;

4. Whether a pretrial motion is contemplated and, if so, the type of motion and the time needed to file the motion and complete the time schedule set forth in Local Rule 78-230(m);

5. A narrative statement of the facts that will be offered by oral or documentary evidence at trial;

6. A list of all exhibits to be offered into evidence at the trial of the case;

7. A list of the names and addresses of all witnesses the party intends to call;

8. A summary of the anticipated testimony of any incarcerated witnesses;

9. The time estimated for trial;

10. Whether either party still requests trial by jury; and

11. Any other matter, not covered above, which the party desires to call to the attention of the court.

The parties are informed that they may, if all consent, have this case tried by a United States Magistrate Judge while preserving their right to appeal to the United States Court of Appeals. An appropriate form for consent to trial by a magistrate judge is attached. Any party choosing to consent may complete the form and return it to the clerk of this court. Neither the magistrate judge nor the district judge handling the case will be notified of the filing of a consent form unless all parties to the action have consented.

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's October 31, 2007 motion for a scheduling order is denied as premature.

2. Plaintiff's status report shall be filed and served within thirty days from the date of service of this order.  Defendant's status report shall be filed within thirty days thereafter.  The parties are advised that failure to file a status report in accordance with this order may result in the imposition of sanctions, including dismissal of the action or preclusion of issues or witnesses.

3. The clerk of the court is directed to mail to all parties the form "Consent to Proceed Before United States Magistrate Judge," together with the instant order.

DATED: February 22, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
maga2634.40

3