1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9  TROY MAGARRELL,

10           Plaintiff,                    NO. CIV. S-04-2634 LKK/DAD
            v.

11
                                          **PRETRIAL CONFERENCE ORDER**
12  P. MANGIS, M.D., *S*.M. ROCHE,               **[TENTATIVE]**
    M.D., and RICHARD SANDHAM, M.D.,

13
             Defendants.

14  _____/

15       Pursuant to court order, a Pretrial Conference was held in

16  Chambers on June 28, 2010.  MARK RAVIS and KAREN TRAVIS appeared

17  as counsel for plaintiff; KEVIN W. REAGER appeared as counsel for

18  defendant P. Mangis, M.D.; JEFFREY M. CURTISS appeared as counsel

19  for defendant S.M. Roche, M.D.  After hearing, the court makes the

20  following findings and orders:

21                    I.   **JURISDICTION/VENUE**

22       Jurisdiction is proper under 28 U.S.C. § 1331.   Venue is

23  proper under 28 U.S.C. § 1391(b).   Those orders have previously

24  been made and are now confirmed.

25                    II.  **JURY/NON-JURY**

26       Pursuant to the request of the parties, the trial will be by

                                    1

1 | jury.

2 | ### III.   UNDISPUTED FACTS

3 | **UNDISPUTED FACTS RELATING TO PLAINTIFF'S CAUSE OF ACTION FOR**
4 | **VIOLATION OF THE EIGHTH AMENDMENT PROHIBITION OF CRUEL AND UNUSUAL**
5 | **PUNISHMENT**

6 | 1.   Magarrell had a history of kidney stones since 1991.

7 | 2.   Magarrell had surgery for kidney stones on May 23, 2002
8 | by Dr. Lajeunesse, his treating urologist in Reno, Nevada.

9 | 3.   Dr. Lajeunesse indicated at the time of the May 23, 2002
10 | surgery that Magarrell should be observed in the event of a
11 | recurrence of  kidney stones.

12 | 4.   The evening of October 29, 2003, Magarrell went to the
13 | emergency room complaining of severe flank pain, which Magarrell
14 | believed to be recurrent kidney stone pain.

15 | 5.   The following day, on October 30, 2003, Dr. Mangis saw
16 | Magarrell.

17 | 6    Dr. Mangis was aware that Magarrell had a history of
18 | kidney stones.

19 | 7.   At the time of the October 30, 2003 examination, Dr.
20 | Mangis  did not order an x-ray to be taken.

21 | 8.   At the October 30, 2003 examination, vital signs were
22 | taken by a medical assistant and a dip stick test of the urine
23 | revealed that Magarrell had trace (non-visible) amounts of blood
24 | in his urine.

25 | 9. Dr. Mangis concluded from his October 30, 2003 examination
26 | that Magarrell did not present with pain consistent with kidney

2

1  stones.   Dr. Mangis believed Magarrell's claims of pain to be
2  greatly exaggerated.   Dr. Mangis prescribed Magarrell Tylenol and
3  recommended that he drink fluids and be observed.

4      10.   On November 9, 2003, Magarrell complained to staff at
5  5:45 p.m. that he had "kidney stones that hadn't passed and that
6  it was very painful and had gone on for two weeks."   He also
7  complained of alteration in his urination pattern.  He was referred
8  to see a physician the next day.

9      11.   On November 10, 2003, Magarrell once again saw Dr. Mangis
10  and his vital signs were taken.

11      12.   For the November 10, 2003 examination, Dr. Mangis did not
12  order a urinalysis or x-ray.   Dr. Mangis concluded that Magarrell
13  was not suffering from kidney stones.

14      13. On December 13, 2003, Dr. Roche denied Magarrell's
15  appeal seeking further diagnostic testing (ultrasound or x-rays).

16      14. On January 16, 2004, Magarrell was interview by Dr. James
17  and Dr. James denied Magarrell's request for further testing on the
18  same grounds as Dr. Roche.

19      15. On January 28, 2004, Dr. Roche agreed with Dr. James'
20  conclusion of January 16, 2004 and ordered that Magarrell be
21  escorted back to the clinic in one month to monitor his condition.

22      16.   Dr. James examined Magarrell on March 3, 2004 and
23  recommended that he see his urology specialist, Dr. Lajeunesse.

24      17.   In early May 2004  Magarrell passed and recovered a
25  kidney stone and showed it to Dr. Lajeunesse at the time of his
26  appointment with her on May 10.   He passed another stone on June

16, 2004 while at the Northern Nevada Medical Center, where he had been taken for extreme pain.

18. Dr. Lajeunese saw plaintiff on May 10, 2004 and ordered a C-T scan done that day. It revealed three stones in the right kidney and one in the left kidney.

19. On July 22, 2004, Dr. Roche approved Magarrell for surgery for removal of kidney stones, to be performed by Dr. Lajeunesse.

20. On July 23, 2004, Magarrell was found curled up in a ball in his cell complaining of severe pain. Later that day, Dr. Roche was telephoned by Nurse Kincaid regarding Magarrell's request for a shot of pain medication. Dr. Roche denied the request for the shot of pain medication and advised Magarrell to drink water..

21. Dr. Roche was aware that kidney stones could cause severe pain.

22. On August 3, 2004, Magarrell underwent urologic surgery, performed by Dr. Lajeunesse. Multiple stones were removed from the right and left urinary systems.

23. Following the surgical removal of his stones, Magarrell has not had any pain related to kidney stones.

24. At the time of Magarrell's appeal in December 2003 and January 2004, Dr. Roche believed that Mr. Magarrell possibly had kidney stones.

## IV.  **DISPUTED FACTUAL ISSUES**

1. Whether or not Magarrell was frequently curled up in pain and unable to engage in his daily activities because of pain

between October 29, 2003 and August 3, 2004.

2.   Whether or not a few weeks before Magarrell's first appointment with Dr. Mangis (October 30, 2003), Magarrell developed left flank pain which he knew to be identical to the kidney stone pain he had previously experienced.

3.   Whether or not Dr. Mangis did a physical examination of Magarrell during his October and November 2003 visits.

4.   Whether or not Dr. Mangis did order any tests to determine the presence of kidney stones during the October and November 2003 examinations.

5.   Whether or not Dr. Mangis reviewed Magarrell's medical file prior to the October 30, 2003 and November 10, 2003 visits.

6.   Whether or not at the October 30, 2003 examination, Dr. Mangis asked Magarrell to describe his pain and the prior treatment he had received for problematic kidney stones.

7.   Whether or not at the time of the October 30, 2003 examination, Dr. Mangis ordered that Magarrell's vital signs be taken, as well as blood tests.

8. Whether or not Dr. Roche acted unreasonably by refusing to authorize an ultrasound or x-rays on December 13, 2003 in order to determine whether or not plaintiff had kidney stones.

9.   In December 2003 and January 2004, whether or not Dr. Roche acted unreasonably by not promptly providing plaintiff a referral to see his treating urologist, Dr. Lajeunesse.

10.   Whether or not Dr. Roche acted unreasonably when he processed  plaintiff's appeal without speaking to him or examining

him (or, according to plaintiffs, his medical record) in December 2003 and January 2004.

11.    Whether or not Dr. Roche acted unreasonably on July 23, 2004, when he denied plaintiff pain medication over the phone while speaking with a medically trained assistant, and instead told Magarrell to drink water, without speaking to or examining Magarrell in person on that day.

12.    Whether or not defendant Dr. Mangis failed to review Magarrell's medical chart and discover Magarrell's history of kidney stones at the time of his visits on October 30 and November 10, 2003.

13.    Whether or not Dr. Mangis acted with deliberate indifference by not making a differential diagnosis when he saw Magarrell.

14.    Whether or not Dr. Mangis acted with deliberate indifference to plaintiff's serious medical needs on November 10, 2003 by suspecting him of drug seeking behavior on ruse of having active kidney stones.

15.    Whether or not Dr. Mangis was aware that Magarrell had been seen in the emergency room on October 29, 2003 complaining of kidney-stones.

## V.    NON-DISCOVERY MOTIONS TO THE COURT AND RESOLUTION

On July 31, 2009, plaintiff voluntarily dismissed the third defendant in this case, Dr. Sandham.

Motions for summary judgment were filed by defendants Mangis and Roche.  Magistrate Judge Drozd recommended that they

1 | be denied, and by orders filed October 23 and November 3, 2009,
2 | the court adopted those findings and recommendations in full.
3 | Therein, the Magistrate Judge recommended, and the court found,
4 | that the underlying law was clearly established, and
5 | accordingly, defendant Roche was not entitled to summary
6 | judgment on the basis of qualified immunity.

7 | ## VI.   DISPUTED EVIDENTIARY ISSUES

8 | The parties raise various evidentiary issues.  The parties
9 | are directed to bring on motions in limine addressing these
10 | issues.  Such motions shall be filed so as to be heard on the
11 | court's law and motion calendar for August 30, 2010 at 10:00
12 | a.m.  These motions shall be briefed in accordance with the
13 | schedules provided by Local Rule 230.

14 | ## VII.   RELIEF SOUGHT

15 | Plaintiff seeks non-economic compensatory damages for pain
16 | and suffering, punitive damages, and attorney's fees.

17 | Defendants seek judgment in their favor.

18 | ## VIII.   POINTS OF LAW

19 | (a) The elements, standards, and burdens of proof of a
20 | claim under 42 U.S.C. § 1983 for deliberate indifference to
21 | medical needs in violation of the Eighth Amendment, under the
22 | facts and circumstances of this case.

23 | (b) The elements, standards, and burdens of proof of a
24 | claim for supervisory liability under 42 U.S.C. § 1983, under
25 | the facts and circumstances of this case.  The parties' pretrial
26 | briefs shall address each of those issues.  They may, of course,

1 address other issues that the parties believe are appropriate
2 for the court's edification.

3   ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY
4 ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME
5 IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

6                    **IX.   ABANDONED ISSUES**

7   Plaintiff appears to have abandoned the claim that failure
8 to provide defendant with a low-oxalate diet constituted
9 deliberate indifference.

10                     **X.   WITNESSES**

11   Plaintiff anticipates calling the following witnesses:
12   See attachment "A".

13   Defendant anticipates calling the following witnesses:
14   See attachment "B".

15   Each party may call a witness designated by the other.
16   A.   No other witnesses will be permitted to testify
17 unless:

18   (1)   The party offering the witness demonstrates that the
19 witness is for the purpose of rebutting evidence which could not
20 be reasonably anticipated at the Pretrial Conference, or

21   (2)   The witness was discovered after the Pretrial
22 Conference and the proffering party makes the showing required
23 in "B" below.

24   B.   Upon the post-Pretrial discovery of witnesses, the
25 attorney shall promptly inform the court and opposing parties of
26 the existence of the unlisted witnesses so that the court may

8

1    consider at trial whether the witnesses shall be permitted to

2    testify.  The evidence will not be permitted unless:

3           (1)  The witnesses could not reasonably have been

4    discovered prior to Pretrial;

5           (2)  The court and opposing counsel were promptly

6    notified upon discovery of the witnesses;

7           (3)  If time permitted, counsel proffered the

8    witnesses for deposition;

9           (4)  If time did not permit, a reasonable summary of

10   the witnesses' testimony was provided opposing counsel.

11              **XI.   EXHIBITS, SCHEDULES AND SUMMARIES**

12      Plaintiff contemplates the following by way of exhibits:

13      See attachment "C".

14      Defendant contemplates the following by way of exhibits:

15      See attachment "D".

16      A.   No other exhibits will be permitted to be introduced

17   unless:

18           (1)  The party proffering the exhibit demonstrates

19   that the exhibit is for the purpose of rebutting evidence which

20   could not be reasonably anticipated at the Pretrial Conference,

21   or

22           (2)  The exhibit was discovered after the Pretrial

23   Conference and the proffering party makes the showing required

24   in paragraph "B," below.

25      B.   Upon the post-Pretrial discovery of exhibits, the

26   attorneys shall promptly inform the court and opposing counsel

                                  9

of the existence of such exhibits so that the court may consider at trial their admissibility.  The exhibits will not be received unless the proffering party demonstrates:

(1)  The exhibits could not reasonably have been discovered prior to Pretrial;

(2)  The court and counsel were promptly informed of their existence;

(3)  Counsel forwarded a copy of the exhibit(s) (if physically possible) to opposing counsel.  If the exhibit(s) may not be copied, the proffering counsel must show that he has made the exhibit(s) reasonably available for inspection by opposing counsel.

As to each exhibit, each party is ordered to exchange copies of the exhibit not later than fourteen (14) days from the date of this Pretrial Order.  Each party is then granted fourteen (14) days to file with the court and serve on opposing counsel any objections to said exhibits.  In making said objections, the party is to set forth the grounds for the objection.  As to each exhibit which is not objected to, it shall be marked and received into evidence and will require no/ further foundation.  Each exhibit which is objected to will be marked for identification only.

In addition to electronically filing said objections, if any, the objections must be submitted by email, as an attachment in Word or WordPerfect format, to: arivas@caed.uscourts.gov.

1     The attorney for each party is directed to appear before
2  and present an original and one (1) copy of said exhibit to Ana
3  Rivas, Deputy Courtroom Clerk, not later than 10:30 a.m. on the
4  date set for trial.  All exhibits shall be submitted to the
5  court in binders.  Plaintiff's exhibits shall be listed
6  numerically.  Defendant's exhibits shall be listed
7  alphabetically.  The parties shall use the standard exhibit
8  stickers provided by the court:  pink for plaintiff and blue for
9  defendant.

10                   **XII.   DISCOVERY DOCUMENTS**
11     For impeachment only.
12              **XIII.   FURTHER DISCOVERY OR MOTIONS**
13     Discovery and law and motion have been cut-off.
14                    **XIV.   STIPULATIONS**
15     None.
16                 **XV.   AMENDMENTS/DISMISSALS**
17     None.
18               **XVI.   FURTHER TRIAL PREPARATION**
19     A.   Counsel are directed to Local Rule 285 regarding the
20  contents of and the time for filing trial briefs.
21     B.   Counsel are informed that the court has prepared a set
22  of standard jury instructions.  In general, they cover all
23  aspects of the trial except those relating to the specific
24  claims of the complaint.  Accordingly, counsel need not prepare
25  instructions concerning matters within the scope of the prepared
26

                              11

instructions.   A copy of the prepared instructions is given to
the parties at the Pretrial Conference.

C.    Counsel are further directed that their specific jury
instructions shall be filed fourteen (14) calendar days prior to
the date of trial.  As to any instructions counsel desires to
offer, they shall be prepared in accordance with Local Rule
163(b)(1) which provides:

"Two copies of the instructions shall be submitted.
One copy shall be electronically filed as a .pdf
document and shall contain each instruction on a
separate page, numbered and identified as to the party
presenting it. Each instruction shall cite the
decision, statute, ordinance, regulation or other
authority supporting the proposition stated in the
instruction."

The second copy ("jury copy") shall be submitted by e-mail
to lkkorders@caed.uscourts.gov.

**In addition, counsel shall provide copies of proposed forms**
**of verdict, including special verdict forms, at the time the**
**proposed jury instructions are filed with the court.**

D.    It is the duty of counsel to ensure that any
deposition which is to be used at trial has been filed with the
Clerk of the Court.  Counsel are cautioned that a failure to
discharge this duty may result in the court precluding use of
the deposition or imposition of such other sanctions as the
court deems appropriate.

1      E.    The parties are ordered to file with the court and

2   exchange between themselves not later than one (1) week before

3   the trial a statement designating portions of depositions

4   intended to be offered or read into evidence (except for

5   portions to be used only for impeachment or rebuttal).

6      F.    The parties are ordered to file with the court and

7   exchange between themselves not later than one (1) week before

8   trial the portions of answers to interrogatories which the

9   respective parties intend to offer or read into evidence at the

10  trial (except portions to be used only for impeachment or

11  rebuttal).

12     G.    The court has extensive audiovisual equipment

13  available.  Any counsel contemplating its use shall contact the

14  court's Telecommunications Manager, Andre Carrier, at (916) 930-

15  4223, at least two weeks in advance of trial to receive the

16  appropriate training.

17                  **XVII.   SETTLEMENT NEGOTIATIONS**

18     The defendants have represented that a settlement

19  conference will not be fruitful.

20                    **XIII.   AGREED STATEMENTS**

21     None, except as set forth above.

22                 **XIX.   SEPARATE TRIAL OF ISSUES**

23     None.

24        **XX.   IMPARTIAL EXPERTS/LIMITATION OF EXPERTS**

25     None.

26  ////

                                13

1

## XXI.   ATTORNEYS' FEES

2  Plaintiff will seek attorney's fees by motion subsequent to
3  judgment if it is in his favor.

4

## XXII.   MISCELLANEOUS

5  None.

6

## XXIII.   ESTIMATE OF TRIAL TIME/TRIAL DATE

7  Trial by jury is set for September 21, 2010, at 10:30 a.m.,
8  in Courtroom No. 4.  The parties represent in good faith that
9  the trial will take approximately five (5) days.

10  Counsel are to call Ana Rivas, Courtroom Deputy, at (916)
11  930-4133, one week prior to trial to ascertain status of trial
12  date.

13

## XXIV.   OBJECTIONS TO PRETRIAL ORDER

14  Each party is granted fourteen (14) days from the effective
15  date of this Pretrial Order [Tentative] to object to or augment
16  same.  Each party is also granted seven (7) days thereafter to
17  respond to the other party's objections.  If no objections or
18  additions are made, the Tentative Pretrial Order will become
19  final without further order of the court.

20  The parties are reminded that pursuant to Federal Rule of
21  Civil Procedure 16(e), this order shall control the subsequent
22  course of this action and shall be modified only to prevent
23  manifest injustice.

24

## XXV.   OTHER

25  All time limits and dates that refer to the Pretrial Order
26  refer to the date this Pretrial Order [Tentative] is filed and

1 │ not the date an amended order, if any, is filed.

2 │     IT IS SO ORDERED.

3 │     DATED: July 1, 2010.

 

 

                               LAWRENCE K. KARLTON
                               SENIOR JUDGE
                               UNITED STATES DISTRICT COURT

1   MARK RAVIS, M.D., J.D. [SBN: 137479]
    KAREN TRAVIS, ESQ. [SBN 128162]
2   LAW OFFICE OF RAVIS & TRAVIS
    10866 Wilshire Boulevard, Suite 400
3   Los Angeles, CA 90024
    Telephone: 424-901-8362
4   Fax: 310-388-5251
    Email: mravis99@gmail.com
5
    Attorney for Plaintiff, TROY MAGARRELL
6

7

8
                    UNITED STATES DISTRICT COURT
9
              FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11
    TROY MAGARRELL,                )       CASE NO: CIV S-04-2634 LKK (dad)
12                                 )
                 Plaintiff,        )       **PLAINTIFF'S WITNESS LIST**
13                                 )       **(APPENDED TO PLAINTIFF'S**
                 vs.               )       **SEPARATE PRE-TRIAL**
14                                 )       **STATEMENT)**
    P. MANGIS, M.D., S.M. ROCHE,   )
15  M.D. and RICHARD SANDHAM,      )       **Trial:  September 21, 2010**
    M.D.                           )       **Dept:   Courtroom 4**
16                                 )       **Pre-Trial Conference: June 28, 2010**
                 Defendants.       )       **    at 2:30 p.m.**
17  _____ )       **Judge: Honorable Lawrence K.**
                                           **    Karlton**
18

19                              **WITNESSES**

20

21  A. Troy Magarrell: California State Prison-Corcoran, 4001 King Ave., Corcoran, CA 93212;

22  Plaintiff will testify in person if the Court grants Plaintiff's Motion in Limine requesting same.

23  The Motion should have been characterized as a Motion for Habeas Corpus Testificundum

24  (and will be re-filed as such);

25  B.  Phillip Mangis, M.D.:Attorney of record-Kevin Reager, Deputy Attorney General, 1300 I

26  Street, Suite 1101, Sacramento, CA 94244-2550;Dr. Mangis is a defendant and will testify in

27  person;

28  C. S.M.Roche, M.D.: Attorney of Record-Jeffrey Curtiss, Stanzler, Funderbrunk & Castellon,

                            *ATTACHMENT "A"*

2275 East Bayshore Road, Suite 100, Palo Alto, CA 94303; Dr.Roche is a defendant and will testify in person;

D. Marie-Christine Lajeunesse, M.D.:Urology Nevada, Ltd., 1500 E. Second St., Suite 300. Reno, Nevada, 89502; Dr. Lajeunesse is an expert and treating physician. Dr. Lajeunesse will testify in person;

Dated:   June 14, 2010

By:   /s/ Mark Ravis
Mark Ravis, Attorney for
Plaintiff, TROY MAGARRELL

1 | Jordan S. Stanzler (State Bar No. 054620)
Jeffrey M. Curtiss (State Bar No. 239199)
2 | STANZLER LAW GROUP LLC
2275 E. Bayshore Rd., Suite 100
3 | Palo Alto, CA 94303
Telephone: (650) 739-0200
4 | Facsimile: (650) 739-0916

5 | Attorneys for Defendant S.M. Roche, M.D.

6 |

7 | UNITED STATES DISTRICT COURT

8 | FOR THE EASTERN DISTRICT OF CALIFORNIA

9 |

10 | TROY MAGARRELL,                              )   Case No.  CIV S-04-2634 LKK DAD
                                              )
11 |            Plaintiff,                      )   **DEFENDANTS' WITNESS LIST**
                                              )   **(APPENDED TO DEFENDANTS'**
12 |     v.,                                    )   **SEPARATE PRETRIAL STATEMENT)**
                                              )
13 | P. MANGIS, M.D., S.M. ROCHE, M.D., and )   Date:          June 28, 2010
     RICHARD SANDHAM, M.D.,                   )   Time:          2:30 p.m.
14 |                                           )   Courtroom:     4
              Defendants.                      )   Judge:         Hon. Lawrence K. Karlton
15 |                                           )
                                              )
16 |                                           )
                                              )
17 |                                           )
                                              )
18 |                                           )
                                              )
19 | _____ )

20 |        The defendants Drs. Michael Roche and Paul Mangis (collectively, "Defendants") submit

21 | this Witness List. The Defendants respectfully reserve the right to call rebuttal witnesses to

22 | Magarrell's witnesses, including any expert witness – in the event that expert testimony on behalf

23 | of Magarrell is allowed.

24 | A.      Troy Magarrell (Plaintiff)

25 |        The Defendants intend to examine Magarrell on all aspects of his allegations of deliberate

26 | indifference, as set forth in his pre-trial statement, or, in the event his allegations of deliberate

27 | indifference are not limited to those areas set forth in Magarrell's pre-trial statement, as set forth in

28 | his complaint. The Defendants also intend to examine Magarrell on topics which concern his

1    credibility as a witness, including his felony convictions.

2    B.      Dr. Mangis (Defendant)

3            The Defendants intend to examine Dr. Mangis regarding all aspects of Magarrell's

4    allegations of deliberate indifference (as set forth in section A above).

5    C.      Dr. Roche (Defendant)

6            The Defendants intend to examine Dr. Roche regarding all aspects of Magarrell's

7    allegations of deliberate indifference (as set forth in section A above).

8    D.      Dr. LaJeunesse (Outside Treating Physician for Magarrell)

9            The Defendants intend to examine Dr. LaJeunesse regarding her treatment and knowledge

10   of Magarrell's kidney stone-related health issues, her communications with Defendants or other

11   prison staff, and any findings or recommendations Dr. LaJeunesse made concerning Magarrell

12   during the time period relevant to this action.

13   E.      Dr. James (Treating Physician at High Desert State Prison)

14           The Defendants intend to call Dr. James to testify regarding his examinations of Magarrell

15   during the period relevant to this action.

16

17   DATED: June 21, 2010              STANZLER LAW GROUP LLC

18

19                                     By:    /s/ Jeffrey Curtiss
                                              Jeffrey M. Curtiss
20                                            Attorneys for Defendant S.M. Roche, M.D.

21
                                       By:    /s/ Jeffrey Curtiss on behalf of Kevin Reager
22                                            Deputy Attorney General
                                              Attorneys for Defendant Phillip Mangis, M.D.
23

24

25

26

27

28

                                              2
                                    DEFENDANTS' WITNESS LIST

MARK RAVIS, M.D., J.D. [SBN: 137479]
KAREN TRAVIS, ESQ. [SBN 128162]
LAW OFFICE OF RAVIS & TRAVIS
10866 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Telephone: 424-901-8362
Fax: 310-388-5251
Email: mravis99@gmail.com

Attorney for Plaintiff, TROY MAGARRELL

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY MAGARRELL,<br><br>                              Plaintiff,<br><br>          vs.<br><br>P. MANGIS, M.D., S.M. ROCHE,<br>M.D. and RICHARD SANDHAM,<br>M.D.<br><br>                              Defendants. | CASE NO: CIV S-04-2634 LKK (dad)<br><br>**PLAINTIFF'S EXHIBIT LIST<br>(APPENDED TO PLAINTIFF'S<br>SEPARATE PRE-TRIAL<br>STATEMENT)**<br><br>**Trial:  September 21, 2010<br>Dept:   Courtroom 4<br>Pre-Trial Conference: June 28, 2010<br>          at 2:30 p.m.<br>Judge: Honorable Lawrence K.<br>          Karlton** |

**Exhibits-Schedules and Summaries**

A. Medical Records of Troy Magarrell from High Desert California State Prison, including:

(1)  Patient Discharge Summary-High Desert State Prison-5/10/02-5/11/02;

(2)  Dr. Lajeunesse Progress note-5/23/02;

(3)  Dr. Lajeunesse Operative Report-5/23/02;

(4)  Dr. Lajeunesse Progress note-6/20/02;

(5)  Emergency Room Admission-12/17/02;

(6)  Outpatient Progress Note-10/29/03;

(7)  Physician's Orders- 10/29/03;

*ATTACHMENT "C"*

1    (8)  Physician's Progress Notes [3 ps.-handwritten and typed]-10/30/03;

2    (9)  Physician's Progress Notes-11/09/03;

3    (10) Physician's Progress Notes [2 ps.-handwritten and typed]-11/10/03;

4    (11) Physician's Progress Notes -12/15/03;

5    (12) Physician's Progress Note-1/16/03;

6    (13) History & Physical Examination [2 ps.]- 2/4/04;

7    (14) Physician's Progress Notes [3 ps.]- 2/4/04;

8    (15) Reno Endoscopy Center-Colonoscopy Report-2/5/04;

9    (16) Physician's Progress Notes- 2/7/04 & 2/10/04;

10   (17) Gastroenterology Consultants-Office Visit- 4/13/04;

11   (18) Physician's Progress Note-5/12/04;

12   (19) Outpatient Interdisciplinary Progress Notes-5/4/04;

13   (20) Dr.Lajeunesse Progress Note [2 ps.]-5/10/04;

14   (21) Emergency Care Flow Sheet- 6/14/04;

15   (22) Emergency Care Flow Sheet- 6/15/04;

16   (23) Dr.Lajeunesse Progress Note -6/15/04;

17   (24) Dr. Lagunesse Progress Note- 7/22/04;

18   (25) Dr. Lajeunesse Operative Report [2 ps.] -8/5/04

19   26). Troy Magarrell's Inmate/Parolee Appeal Forms [602s-3 ps.]-11/10/03-6/27/04:

20    27) First LevelAppeal Response-S.M. Roche, M.D. [2 ps.];

21    28) Second Level Appeal Response-Richard W. Sandham, M.D. [2 ps.];

22    29) Director's Level Appeal Decision-N. Grannis;

23

24   Dated:  June 14, 2010

25                              By: /s/ Mark Ravis
                                    Mark Ravis, Attorney for
26                                  Plaintiff, TROY MAGARRELL

27

28

1   Jordan S. Stanzler (State Bar No. 054620)
    Jeffrey M. Curtiss (State Bar No. 239199)
2   STANZLER LAW GROUP LLC
    2275 E. Bayshore Rd., Suite 100
3   Palo Alto, CA  94303
    Telephone: (650) 739-0200
4   Facsimile: (650) 739-0916

5   Attorneys for Defendant S.M. Roche, M.D.

6

7                      UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10  TROY MAGARRELL,                    )  Case No.  CIV S-04-2634 LKK DAD
                                       )
11          Plaintiff,                 )  **DEFENDANTS' EXHIBIT LIST**
                                       )  **(APPENDED TO DEFENDANTS'**
12      v.,                            )  **SEPARATE PRETRIAL STATEMENT)**
                                       )
13  P. MANGIS, M.D., S.M. ROCHE, M.D., and )  Date:       June 28, 2010
    RICHARD SANDHAM, M.D.,            )  Time:       2:30 p.m.
14                                     )  Courtroom:  4
            Defendants.               )  Judge:      Hon. Lawrence K. Karlton
15                                     )
                                       )
16                                     )
                                       )
17                                     )
                                       )
18                                     )
                                       )
19  _____  )

20          The defendants Drs. Michael Roche and Phillip Mangis (collectively, "Defendants") submit

21  this Exhibit List.  It should be noted that the medical records at issue in this action are not Bates

22  numbered, and therefore identification of the same is difficult.  In general, Defendants intend to

23  introduce the medical records generated between October 29, 2003 and August 4, 2004 which

24  refer, evidence or relate to Plaintiff's complaints of problematic kidney stones.

25  (A)     Plaintiff's complaint

26  (B)     Dr. Mangis's answer to Plaintiff's complaint

27  (C)     Dr. Roche's answer to Plaintiff's complaint

28  (D)     Physician's Orders dated 10/29/03

                                1
                     DEFENDANTS' EXHIBIT LIST

*ATTACHMENT "D"*

1   (E)   Outpatient Progress Notes dated 10/29/03

2   (F)   Emergency Room Admission dated 10/29/03

3   (G)   Physician's Progress Notes dated 10/30/03 (handwritten and typed)

4   (H)   Physician's Orders dated 10/30/03

5   (I)   Physician's Progress Notes dated 11/9/03

6   (J)   Physician's Progress Notes dated 11/10/03 (handwritten and typed)

7   (K)   Physician's Progress Notes dated 12/15/03

8   (L)   Urinalysis Results dated 1/9/04

9   (M)   Physician's Progress Notes dated 1/16/04

10   (N)   History and Physical Examination dated 2/4/04

11   (O)   Physician's Progress Notes dated 2/4/04

12   (P)   Physician's Progress Notes dated 2/7/04 and 2/10/04

13   (Q)   Physician's Progress Notes dated 5/12/04

14   (R)   Dr. Lajeunesse Progress Note dated 5/10/04

15   (S)   Emergency Care Flow Sheet dated 6/14/04

16   (T)   Emergency Care Flow Sheet dated 6/15/04

17   (U)   Physician's Orders dated 6/15/04

18   (V)   Physician's Progress Notes dated 6/15/04

19   (W)   Dr. Lajeunesse Progress Note dated 6/15/04

20   (X)   Interdisciplinary Progress Notes dated 6/16/04

21   (Y)   Physician's Progress Notes dated 7/9/04

22   (Z)   Dr. Lajeunesse Progress Note dated 7/22/04

23   (2A)   Physician Request for Services dated 7/22/04

24   (2B)   Urinalysis Report dated 7/22/04

25   (2C)   Verbal Order by Dr. Roche dated 7/23/04

26   (2D)   Inmate/Parolee Appeal Form (602s) dated 11/10/03 through 6/21/04

27   (2E)   First Level Appeal Response by Dr. Roche dated 1/28/04

28   (2F)   Second Level Appeal Response by Dr. Sandham dated March 5, 2004

2

DEFENDANTS' EXHIBIT LIST

1    (2G)    Director's Level Appeal Response by Mr. Grannis dated June 21, 2004

2    (2H-3Z) Excerpts of Magarrell's deposition transcripts as reflected in Defendants' Pretrial

3    Statement, section 12

4

5    DATED: June 21, 2010                    STANZLER LAW GROUP LLC

6

7                                       By:    /s/ Jeffrey Curtiss
                                               Jeffrey M. Curtiss
8                                              Attorneys for Defendant S.M. Roche, M.D.

9
                                        By:    /s/ Jeffrey Curtiss on behalf of Kevin Reager
10                                             Deputy Attorney General
                                               Attorneys for Defendant Paul Mangis, M.D.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' EXHIBIT LIST