UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TROY MAGARRELL,

        Plaintiff,                              NO. CIV. S-04-2634 LKK/DAD

     v.

                                                   <u>ORDER</u>

P. MANGIS, M.D., *S*.M. ROCHE,
M.D., and RICHARD SANDHAM, M.D.,

        Defendants.

                                    /

On July 2, 2010, this court issued a tentative pretrial order in the above-captioned matter. (Dkt. No. 121). This order included, among other things, statements of disputed and undisputed facts. Defendants now object to many facts included in both statements. Defendants' objections are particular to the various facts, arguing that specific facts are irrelevant, without evidentiary support, incomplete, or poorly worded.

Plaintiff has filed a response. Plaintiff disputes many of defendants' particular arguments. Plaintiff further argues that, insofar as defendants previously agreed to these facts and the phrasing thereof, defendants should not now be permitted to object to these statements. Although there is an element of fairness to

1

plaintiff's broader argument, the court invited such objection at the pretrial conference.

In general, defendants' objections fall into three categories. One, defendants argue that various facts are irrelevant. Arguments concerning relevance may be presented in motions in limine. To the extent that these objections are overruled, if the underlying fact is undisputed, it will be presented to the jury as such.

Two, defendants argue that certain facts are without evidentiary support. While defendants' failure to raise this objection previously is troubling, and the court agrees that plaintiff has provided some evidence supporting these facts, the court cannot rule on the sufficiency of this evidence here. To the extent that defendants demonstrate that these facts are disputed, the court will treat them as such. Where defendants have simply tacked the word "disputed" onto a relevance objection, however, defendants have not demonstrated a dispute. The court further cautions defendants that, to the extent that defendants have reversed position and now insist that certain facts are disputed, if such disputes are proven to be non-existent or frivolous at trial, the court will impose sanctions.

Three, for some facts, defendants do not dispute the fact itself, but seek to add additional facts to the statement. Insofar as plaintiffs dispute this additional information, these requests are denied.

These three arguments have no application to the statement of disputed facts. Accordingly, defendants' objections thereto are

denied, except insofar as plaintiffs agree to defendants' proposed modifications.

Guided by these principles, the court turns to the objections to specific facts:

**A.  Undisputed Facts**:

**No. 2:** overruled

**No. 3:** this fact will be moved to the disputed facts section

**No. 4:** the court substitutes the word "claimed" for "believed"

**No. 7:** overruled

**No. 8:** plaintiff agrees to this modification

**No. 10:** overruled

**No. 11:** plaintiff agrees

**No. 12:** overruled

**No. 13:** overruled

**No. 14:** overruled

**No. 17:** overruled

**No. 18:** overruled

**No. 20:** the court omits the language which defendants contend is without evidentiary support.  The court otherwise overrules this objection.

**No. 21:** Per plaintiffs' response to defendants' objection, this fact is withdrawn.

**No. 22:** overruled

**No. 23:** overruled

**No. 24:** Per plaintiffs' response, this fact is withdrawn.

////

3

**B.   Disputed Facts:**

As noted above, the court generally overrules these objections.  Plaintiff has agreed to withdraw number 7, and to modify facts 8, 9, 10 and 11.

## Conclusion

For the reasons stated above, Defendants' objections are overruled in part.  The court will concurrently file a final pretrial order reflecting the above modifications.

IT IS SO ORDERED.

DATED:  July 27, 2010.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4