UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TROY MAGARRELL,

        Plaintiff,

   v.

P. MANGIS, M.D., et al.,

        Defendants.

NO. CIV. S-04-2634 LKK/DAD P

O R D E R

/

Pending before the court are pro se plaintiff Troy Magarrell's motions for (i) "a mistrial and to vacate the jury verdict", and (ii) a permanent injunction.

**I. BACKGROUND**

Magarrell is currently an inmate at the California State Prison, Corcoran. In 2004, he filed a pro se Section 1983 complaint against Dr. Steve Roche and Dr. Phillip Mangis as individual defendants. Roche and Mangis were physicians at High Desert State Prison in Susanville when Magarrell was incarcerated there.

In his complaint, Magarrell alleged violations of the Eighth Amendment for failure to adequately diagnose and treat his kidney

stones. A jury trial was held in this matter on September 27-29, 2011. The jury found unanimously in favor of defendants. On November 14, 2011, Magarrell filed an appeal with the Ninth Circuit (Docket no. 179), which was dismissed last January for failure to perfect (Docket no. 193). On November 17, 2011, the court granted Magarrell's counsel's motion to withdraw as attorney of record and Magarrell's motion to proceed in pro per (Docket no. 184). On motion by Magarrell, the court also vacated all previous motions filed by his attorney, including, critically, a motion for a new trial. (Id.)

Magarrell now moves under Fed. R. Civ. P. 59[1] for "a mistrial and to vacate the jury verdict"; the court will treat this as a motion for a new trial.

Magarrell also seeks a permanent injunction ordering the California Department of Corrections ("CDC") to provide him with one supplemental nutritional drink three times per day, so that he may avoid foods with excessive oxalates (in order to hinder the development of future kidney stones) and still receive sufficient nutritional and caloric intake. The CDC is not a party to this action.

By order dated November 17, 2011, the court took the matter under submission. (Docket no. 184.)

///
///

---

[1] Hereinafter, the term "Rule" refers to the applicable Federal Rule of Civil Procedure.

2

## II. STANDARDS

### Standard for a New Trial

Rule 59(a) provides that "[a] new trial may be granted ... in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Rule 59 does not specify the grounds on which a motion for a new trial may be granted. See Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1035 (9th Cir.2003). Rather, the court is "bound by those grounds that have been historically recognized, id., including, but not limited to, claims "'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" Molski v. M.J. Cable, Inc., 481 F.3d 724, 728 (9th Cir.2007) (quoting Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940)).

Local Rule 291.2 provides:

> Motions for new trial [under Rule 59] shall state with specific references to relevant portions of any existing record and to any supporting affidavits: (1) the particular errors of law claimed, (2) if a ground is insufficiency of the evidence, the particulars thereof, and (3) if a ground is newly discovered evidence, the particulars thereof, together with a full, complete description of the facts relating to the discovery of such evidence and the movant's diligence in connection therewith.

## III. TIMELINESS OF MOTION FOR NEW TRIAL

Dr. Mangis opposes the motion for a new trial on the grounds that the motion was untimely filed.

On September 30, 2011, judgment was entered in favor of

3

defendants. (Docket no. 172.) On October 19, 2011, Magarrell timely filed a motion for a new trial (Docket no. 173), which defendants opposed. (Docket nos. 174, 176.) Then, on November 14, 2011, Magarrell filed the following:

1. Motion for mistrial and to vacate verdict. (Docket no. 178.)
2. Motion for permanent injunction. (Docket no. 182.)
3. Motion to proceed in pro per. (Docket no. 183.)
4. Motion to withdraw all previous motions. (Docket no. 181.)
5. Notice of Appeal to the Ninth Circuit. (Docket no. 179.)

Items 1 & 2 are the motions under consideration. Item 4, entitled "Notice Withdrawing Previous Motions," reads in pertinent part:

> Please take notice that all previous motions filed by attorney Mark S. Ravis docketed to be heard on November 21, 2011, at 10:00 AM, Courtroom 4, by Honorable Judge L.K.Karlton, are hereby withdrawn. The only motions to be heard will be motions filed by the plaintiff in pro per.

On November 15, 2011, Magarrell's attorney of record, Mark Ravis, filed a motion to be relieved as attorney of record. (Docket no. 180.)

On November 17, 2011, the court signed an order (Docket no. 184) that:

- vacated motions previously filed by attorney Ravis;
- vacated Magarrell's motion for a new trial;
- granted Ravis's motion to withdraw as attorney of

4

1            record; and

2       •    granted Magarrell's motion to proceed in pro per.

3      The court also set a schedule for defendants and Magarrell to
4 file opposition and reply briefs addressing the present motions.

5      The issue before the court is whether Magarrell's motion to
6 vacate his October 19, 2011 motion for a new trial renders the
7 present motion for a new trial untimely, despite the court's order
8 of November 17, 2011.

9      Rule 59(b) provides that any motion for a new trial must be
10 filed "no later than 28 days after the entry of judgment." This
11 requirement is mandatory and jurisdictional. <u>Tillman v. Association
12 of Apt. Owners of Ewa Apts.</u> 234 F.3d 1087, 1089 (9th Cir. 2000)
13 (decided under former Rule 59(b), which gave only 10 days to file
14 a motion for a new trial). Rule 6(b) further provides that a court
15 must not extend the time to act under Rule 59(b).

16      Magarrell's present motion for a new trial is untimely, and
17 cannot be considered by the court. Magarrell voluntarily withdrew
18 his timely-filed motion, and did not file a new one until November
19 14, 2011, 45 days after the date of entry of judgment. By doing so,
20 he ran afoul of Rule 59(b)'s 28-day deadline. Given that
21 (i) Magarrell filed his motion to proceed in pro per on November
22 14, 2011, and one day later, Ravis filed his motion to withdraw as
23 attorney of record, and (ii) Magarrell's November 14, 2011 filings
24 were handwritten, one can infer that he was, for all intents and
25 purposes, representing himself at this point and did not have the
26 advice of counsel when he filed his motion to vacate the previous

5

motions. Nevertheless, when deciding this issue, the court cannot consider the challenges facing self-represented litigants, even those litigating from prison. Under Rule 6(b), the court is without any power to extend the filing deadline for a motion for a new trial.

The court does have the power to treat an untimely motion for a new trial as a motion for relief from a final judgment under Rule 60(b), and will do so. See Mt. Graham Red Squirrel v. Madigan, 954 F.2d. 1441, 1463 n.35 (9th Cir. 1992) ("An untimely motion for reconsideration is construed as a motion based on Fed. R. Civ. P. 60(b)"); see also Bailey v. U.S., 250 F.R.D. 446 (D.Ariz. 2008) (construing untimely motion for new trial as motion for relief from final judgment under Rule 60(b)).

**IV.   MOTION FOR RELIEF FROM FINAL JUDGMENT**

Rule 60(b) provides that the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

A party seeking relief from the judgment has the burden of demonstrating such relief is appropriate. TCI Group Life Insurance

6

1  Plan v. Knoebber, 244 F.3d 691 (9th Cir.2001). In determining
2  whether relief from judgment is appropriate, a court must balance
3  the interest of litigants and courts in the finality of judgment
4  with the overriding judicial goal of deciding a case on the basis
5  of its legal and factual merits. Id.

6  Magarrell seeks a new trial on three grounds. The court will
7  evaluate whether any of these grounds merits relief under Rule
8  60(b).

### A. Description of blood as "non-visible"

Magarrell first claims that he was prejudiced by a description, in the parties' statement of undisputed facts, of the amount of blood in his urine on October 30, 2003 as being "trace (non-visible)." According to Magarrell, he repeatedly made clear (in his requests for treatment, in his administrative complaints, at deposition, and at trial) that he could see the blood in his urine on that date. He maintains that the parenthetical "(non-visible)" was unfairly introduced into the undisputed facts by Kevin Reager, the deputy attorney general who represented Dr. Mangis at trial. He then contends that Reager unfairly prejudiced the jury by describing the blood as "non-visible" in closing arguments, essentially impeaching Magarrell's testimony at a point when there was no opportunity for rebuttal.

The court will evaluate Magarrell's claims under Rule 60(b)(3), which allows for relief from a final judgment due to "misconduct by an opposing party."

Magarrell's argument rests on two layers of misunderstanding.

The first concerns how the statement of undisputed facts (Docket no. 133) was arrived at. Both sides filed pre-trial documents entitled "Joint Statement of Undisputed Facts and Factual Issues." (Magarrell's is at Docket no. 117; defendants' is at Docket no. 116.) In Magarrell's statement, the relevant undisputed fact reads:

> 8. At the October 30, 2003 examination, vital signs were taken by a medical assistant and a dip stick test of the urine revealed that Magarrell had trace (non-visible) amounts of blood in his urine.

In defendants' statement, the relevant undisputed fact reads:

> 10. At the October 30, 2003 examination, a urinalysis revealed that Magarrell had trace (non-visible) amounts of blood in his urine.

In other words, the description "trace (non-visible)" was used in both sides' versions of this fact. This wording subsequently appeared in the court's tentative Pretrial Conference Order (Docket no. 121); neither side objected. So the court's final Pretrial Conference Order (Docket no. 133) included as an undisputed fact:

> 7. At the October 30, 2003 examination, vital signs were taken by a medical assistant, which were normal, and a dip stick test of the urine revealed that Magarrell had trace (non-visible) amounts of blood in his urine.

Given this sequence of events, the court does not find that attorney Reager played an underhanded role in introducing the adjective "non-visible" into the undisputed facts.

Magarrell's second misconception lies in his belief that undisputed facts cannot be used in closing argument to contradict a party's testimony. "When parties have entered into stipulations

8

as to material facts, those facts will be deemed to have been conclusively established." U.S. v. Houston, 547 F.2d 104, 107 (9th Cir. 1976). Jury instruction no. 9 provided that "When the attorneys on both sides stipulate or agree to the existence of a fact, you should regard that fact as proven." (Docket no. 165.)

It is frivolous to argue that a conclusively-established fact cannot be used in closing argument. Magarrell, through his attorney, would have had the opportunity to object to any improper statements in Reager's closing argument. Moreover, the trial minutes show that Magarrell made rebuttal arguments after Reager's closing argument. (Docket no. 164.)

In short, neither the inclusion of the phrase "non-visible" in the undisputed facts, nor attorney Reager's use of it at trial, provides any basis for overturning the judgment under Rule 60(b)(3).

### B. Alleged misconduct by defense counsel

Magarrell also argues that attorney Reager unfairly prejudiced the jury by asking him whether he had been convicted of armed robbery. This was in violation of the court's ruling on Motion in Limine #2, which ordered that there be no reference to Magarrell's criminal history (beyond the fact that he was convicted of a felony). The court properly struck the question before Magarrell could answer and admonished the jury to disregard it.

The court will evaluate Magarrell's claim under Rule 60(b)(3), which allows for relief from a final judgment due to "misconduct by an opposing party."

   To determine the prejudicial effect of attorney misconduct, courts look to the totality of the circumstances, weighing factors such as the "nature of the comments, their frequency, their possible relevancy to the real issue before the jury, the manner in which the parties and the court treated the comments, the strength of the case, and the verdict itself." Hemmings v. Tidyman's Inc. 285 F.3d 1174, 1193 (9th Cir. 2002)(internal quotations omitted). The judge's "prompt corrective action in response to improper comments usually is sufficient to cure any problems arising from such improper comments." U.S. v. Washington, 462 F.3d 1124, 1136 (9th Cir. 2006).

   Here, attorney Reager asked a single question, and the court promptly took proper corrective action. Reager did not attempt to address the topic again. The subject of the question was remote from the case's central issues: whether Magarrell had a serious medical need, whether defendants were deliberately indifferent to this need, and whether defendants' actions or failure to act caused Magarrell harm or unnecessary pain. As such, the court finds that the jury was not unfairly prejudiced by Reager's question.

   Magarrell also objects to Reager's questioning of Magarrel about his living conditions and daily activities in prison. This questioning was conducted after a sidebar conference with the court; at the end of the sidebar, the court ruled the line of questioning appropriate. Magarrell's counsel had ample opportunity to object to any potentially-prejudicial remarks about confinement in administrative segregation or in the secured housing unit (the

topics that Magarrell finds objectionable) and did not do so. There is no evidence of prejudice here.

The court does not find that Reager's questions justify overturning the judgment under Rule 60(b)(3).

### C. Grounds for the jury verdict

Third, Magarrell contends that the evidence in this case was not legally sufficient to support a judgment in favor of the defendants. Specifically, Magarrell contends that the undisputed evidence shows that defendants knew for seven months that he suffered from kidney stones and, by failing to adequately diagnose or treat him, violated his Eighth Amendment rights.

The court will evaluate Magarrell's argument under the catch-all provision in Rule 60(b)(6): "any other reason that justifies relief." According to the Ninth Circuit:

> Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment. A party seeking to re-open a case under Rule 60(b)(6) must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion.

Delay v. Gordon, 475 F.3d 1039, 1044 (9th. Cir. 2007) (internal quotations and citations omitted). "A district court abuses its discretion by denying relief under Rule 60(b) when it makes an error of law or relies on a clearly erroneous factual determination." Lemoge v. U.S., 587 F.3d 1188, 1192 (9th Cir. 2009).

To set aside a jury verdict for inconsistency with the

11

evidence under Rule 60(b)(6) would be an almost-unprecedented step. For example, in Hand v. U.S., 441 F.2d. 529 (5th Cir. 1971), the court granted a new trial based on (i) the U.S. government's attempted introduction of illegally-seized evidence and (ii) a verdict that strongly suggested the jury had misunderstood interrogatory responses. The appeals court affirmed this decision.

There is no similar basis for setting aside the judgment herein. No manifest injustice is apparent in the trial proceedings or in the verdict. Delay, 475 F.3d. at 1044. Magarrell has not demonstrated any circumstances beyond his control that prevented him from properly proceeding with the prosecution of his case. Id. There is no "clearly erroneous factual determination" meriting a set-aside, as in Hand, 441 F.2d. at 529. In short, it is the court's view that, based on the evidence introduced at trial, the jury could rationally conclude that the defendants did not violate Magarrell's Eighth Amendment rights.

The court will not set aside the judgment under Rule 60(b).

**V. MOTION FOR PERMANENT INJUNCTION**

Magarrell has also moved for a permanent injunction ordering the CDC to provide him with one supplemental nutritional drink three times per day. Magarrell alleges that he suffers from chronic kidney stones, and that his treating physicians recommend a low-oxalate diet as a preventative measure. He has been provided a list of foods (mainly fruits and vegetables) that he should avoid. Magarrell's position is that he cannot avoid these foods in the standard prison menu while simultaneously obtaining adequate

nutrition and sufficient caloric intake. According to Magarrell, nutritional supplements would solve this problem. Reviewing CDC officials disagree, and have denied his requests.

The court has no power to issue the requested injunction. Under Rule 65(d), an injunction only binds "the parties to the action, their officers, agents, servants, employees, and attorneys, and ... those persons in active concert or participation [with them]." The CDC fits none of these categories. Further, a federal court "may not attempt to determine the rights of persons not before the court." <u>Zepeda v. U.S. I.N.S.</u>, 753 F.2d 719, 727 (9th Cir. 1983). It may issue an injunction only if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim. <u>Id.</u> The CDC is not a party to this action. The court has neither personal jurisdiction over the CDC nor subject matter jurisdiction over this claim. Therefore, the court may not issue the requested injunction.

**VI. CONCLUSION**

For the reasons stated above, Magarrell's motions for a new trial and for a permanent injunction are hereby DENIED.

IT IS SO ORDERED.

DATED: September 24, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

13